# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

## I.(a) PLAINTIFFS - Stelax Industries, Ltd..

**DEFENDANTS** - Alder Trading Corporation, William Donahue, Neil Gibson, David Perry, William Woolfpencroft and John P. Matias, Jr.

3:03CV-0923M

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Canada and Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __California and Nevada__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark A. Goodman
David, Goodman & Madole, A Professional Corporation
Two Lincoln Center
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
(972) 991-0889

ATTORNEYS (IF KNOWN)
P. Jefferson Ballew
Adrienne E. Dominguez
Thompson & Knight LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1469
Attorneys for William Donahue, Jr only

MAY - 2 '03

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | X 3 | X 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| X 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agriculture Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease and Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal on diversity grounds under 28 U.S.C. § 1332; § 1441(a)

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND in excess of $16 million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  X NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A

JUDGE _____  DOCKET NUMBER _____

DATE: May 2, 2003

SIGNATURE OF ATTORNEY OF RECORD: Adrienne Dominguez for P. Jefferson Ballew

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

503450 000002 Dallas 1449251 1

# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed From State Court



**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

3 03CV-0923 M

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 101st Judicial District Court, Dallas County, Texas | 03-02453-E |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Stelax Industries, Ltd. (Plaintiff) | Mark A. Goodman<br>State Bar No. 08156920<br>Barry L. Hardin<br>State Bar No. 08961900<br>Daniel J. Madden<br>State Bar. No. 24002513<br>David, Goodman & Madole, P.C.<br>Two Lincoln Centre<br>Dallas, Texas 75240<br>(972) 991-0889 |
   | William Donahue, Jr. (Defendant) | P. Jefferson Ballew<br>State Bar No. 01654980<br>Adrienne E. Dominguez<br>State Bar No. 0079363<br>Gregory D. Binns<br>State Bar No. 24027148<br>Thompson & Knight LLP<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas 75201<br>(214) 969-1700 |
   | Alder Trading Corporation<br>Neil Gibson<br>William Woolfpencroft<br>David Perry<br>John Matias, Jr.<br>(Defendants) | Counsel not known |

Supplemental Civil Cover Sheet
Page 2

3. **Jury Demand:**

   Was a Jury Demand made in State Court?          Yes          X No

   If "*Yes*," by which party and on what date?

4. **Answer:**

   Was an Answer made in State Court?          X Yes          No

   If "*Yes*," by which party and on what date?

   William Donahue                              May 1, 2003
   Party                                        Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   **Party**                                    **Reason(s) for No Service**

   Returns of service for all defendants except William Donahue are contained in the state court record.

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   **Party**                                    **Reason**

   None                                         N/A

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   **Party**                                    **Claim(s)**

   Plaintiff                                    Plaintiff seeks damages for alleged breach of a contract to obtain financing for a business opportunity, conversion of stock, fraud, tortious interference with prospective contractual relations, breach of fiduciary duty, conspiracy and misappropriation of trade secrets, and punitive damages.

   Defendant William Donahue                    Denies the allegations.

505113 000002 DALLAS 1585559.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| STELAX INDUSTRIES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| ALDER TRADING CORPORATION, | § | |
| WILLIAM DONAHUE, NEIL GIBSON, | § | |
| DAVID PERRY, WILLIAM | § | |
| WOOLFPENCROFT, AND JOHN P. | § | 3 03CV-0923 M |
| MATIAS, JR., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant William Donahue hereby removes to this Court the state-court action described below on the ground that this Court has diversity jurisdiction over this suit under 28 U.S.C. § 1332. The other defendants have consented to this case's removal through the consent forms filed at Exhibit "A."[1]

### I.

### INTRODUCTION

1.  On March 19, 2003, Stelax Industries, Ltd. filed its Plaintiff's Original Petition (the "Original Petition") in the 101st Judicial District Court of Dallas County, Texas, naming Alder Trading Corporation, William Donahue, Neil Gibson, David Perry, William

---

[1] *See, e.g.*, *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993) ("The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint.").

Woolfpencroft[2] and John P. Matias, Jr., as defendants. The case is Cause No. 03-02453-E, styled *Stelax Industries, Ltd. v. Alder Trading Corporation, William Donahue, Neil Gibson, David Perry, William Woolfpencroft and John P. Matias, Jr.* (the "State Court Action"). The Plaintiff's claims in the State Court Action are for breach of contract, conversion, fraud, tortious interference with contracts and other business torts as a result of a failed business venture. Plaintiff seeks damages in the form of monetary relief.

2. Donahue received notice of the lawsuit through personal delivery of the Original Petition and Citation directed to him on April 4, 2003; no return of service is contained in the state court record. Donahue submitted a Motion to Quash Service of Process on April 28, 2003, contending that the service was improper and ineffective. Donahue thereafter submitted his answer in the 101st Judicial District Court of Dallas County, Texas on May 1, 2003. True and correct copies of the Plaintiff's Original Petition, and Donahue's Motion to Quash Service of Process and Original Answer, are attached hereto in Exhibit "B."

3. "Woolfpencroft" was purportedly served through the Texas Secretary of State on April 3, 2003. A true and correct copy of the Officer's Return relevant to "Woolfpencroft" is attached hereto in Exhibit "B." "Woolfpencroft" was also purportedly served through the Texas Secretary of State as an officer of Alder Trading Corporation on April 3, 2003, and a true and correct copy of the Officer's Return relevant to Alder Trading Corporation is attached hereto in Exhibit "B."

4. Gibson, Perry and Matias purportedly were served with process through the Texas Secretary of State on April 12, 2003, and Alder Trading Company purportedly was served with

---

[2] The correct name of William "Woolfpencroft" is Woolstencroft.

process through the Texas Secretary of State on April 14, 2003. True and correct copies of the Certificates of Service from the Texas Secretary of State are attached hereto in Exhibit "B."

5. No other proceedings have been had in the 101st Judicial District Court of Dallas County, Texas.

6. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days from the date any defendant was properly served with process.

## II.

### DIVERSITY BASIS FOR REMOVAL

7. Federal jurisdiction is based upon complete diversity of citizenship between Plaintiff and all of the Defendants in accordance with 28 U.S.C. § 1332.

8. Removal is authorized because the State Court Action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Donahue pursuant to the provisions of 28 U.S.C. § 1441(a). The State Court Action is a civil action between citizens of different states and foreign countries, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Diversity of citizenship existed at the time the State Court Action was commenced and at the time of removal:

    a. At the time the State Court Action was filed, as well as at the time of removal, Plaintiff was (and is currently) a citizen of both Canada and Texas because Plaintiff was and is incorporated in Canada and its principal place of business was and is in Texas; and

    b. At the time the State Court Action was filed, as well as at the time of removal, Alder Trading Corporation was (and is currently), for purposes of

diversity and removal, a citizen of Nevada and California because Alder Trading Corporation was and is incorporated in Nevada and its principal place of business was and is in California.

c. At the time the State Court Action was filed, as well as at the time of removal, Donahue was (and is currently), for purposes of diversity and removal, a citizen of Michigan because Donahue maintains his domicile in Michigan.

d. At the time the State Court Action was filed, as well as at the time of removal, Gibson was (and is currently), for purposes of diversity and removal, a citizen of the United Kingdom.

e. At the time the State Court Action was filed, as well as at the time of removal, Perry was (and is currently), for purposes of diversity and removal, a citizen of California because Perry maintains his domicile in California.

f. At the time the State Court Action was filed, as well as at the time of removal, Woolstencroft was (and is currently), for purposes of diversity and removal, a citizen of the Netherlands.

g. At the time the State Court Action was filed, as well as at the time of removal, Matias was (and is currently), for purposes of diversity and removal, a citizen of California because Matias maintains his domicile in California.

10. Plaintiff's claims against each of the Defendants exceed the sum of $75,000.00, exclusive of interest and costs. In its Original Petition, Plaintiff has alleged damages at least in excess of $16 million, exclusive of interest and costs.

11. Under 28 U.S.C. § 1441(a), the State Court Action may be removed to this Court because it is the United States District Court for the district and division embracing the place where the State Court Action is pending.

12. Donahue will give written notice of the filing of this Notice to Plaintiff and the other Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendant William Donahue removes this action from the 101st Judicial District Court of Dallas County to the United States District Court for the Northern District of Texas and requests that this Court assume full jurisdiction of this cause as if it had been originally filed here, and that further proceedings in the State Court Action be stayed. Defendant William Donahue also requests such other and further relief, general and special, legal and equitable, to which it is justly entitled.

Dated this _2d_ day of May, 2003.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____
P. Jefferson Ballew
State Bar No. 01654980

Adrienne E. Dominguez
State Bar No. 00793630

Gregory D. Binns
State Bar No. 24027148

NOTICE OF REMOVAL–PAGE 5

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
Fax: (214) 969-1751

ATTORNEYS FOR DEFENDANT
WILLIAM DONAHUE

### CERTIFICATE OF SERVICE

On this the 2d day of May, 2003, a true and correct copy of the foregoing document was served upon counsel for Plaintiff via certified U.S. mail, return receipt requested.

_____
Adrienne E. Dominguez

505113 000002 DALLAS 1583802.1